1  NED LYNCH--CA ST. BAR NO. 149680
   Attorney At Law
2  110 West C Street, Suite 1407
   San Diego, CA 92101
3  Telephone: 619-525-0081

4  Attorney for the Material Witnesses

## United States District Court

## Southern District of California

(Hon. Ruben B. Brooks)

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0266JAH(RBB) |
|---|---|
| Plaintiff, | ) **Material Witness' Memorandum Of Points And Authorities In Support Of His Motion For Videotaped Deposition And His Release From Custody** |
| v. | |
| MARIA TERESA POWELL-SALINAS-SANCHEZ, | ) Date: February 19, 2008 |
| | ) Time: 9:00 a.m. |
| Defendant. | ) Judge: Ruben B. Brooks |
| | ) Room: B |

Material witness Marco Antonio Gonzalez-Martinez [the "Material Witness"], by and through his counsel, Attorney Ned Lynch, submit this memorandum of points and authorities in support of his motion to take his videotaped deposition and thereafter be released from custody.

**Case Overview**

On January 15, 2008 the Material Witness was detained in the Southern District of California in relation to the charges brought against Defendant Maria Teresa Powell-Salinas-Sanchez for violating 8 U.S.C. § 1324 by attempting to smuggle the Material Witness into the U.S. illegally as an undocumented alien. The Material Witness is allegedly being detained as material witness under 18 U.S.C. § 3144.

1  The Material Witness has been unable to arrange for his release by bail, and by the time this
2  motion will be heard he will have been in custody for 5 weeks.  However, it is unnecessary to keep
3  the Material Witness in custody much further, because his testimony can be preserved by a
4  videotaped deposition.  The Material Witness therefore requests the court order his testimony be
5  preserved by videotaped deposition, and that he thereafter be released immediately from the custody
6  of the U.S. Marshal for return to his home country.

**The Testimony Of The Material Witness Can Be Secured By Videotaped Deposition,**

**And There Is No Compelling Reason To Keep Him In Custody**

9  Title 18, section 3144 of the United States Code provides:

10  "No material witness may be detained . . . if the testimony of such witness can
    adequately be secured by deposition, and if further detention is not necessary to
11  prevent a failure of justice."

12  Depositions of material witnesses may be used at trial in criminal cases, so it is only in
13  exceptional circumstances, where the interests of justice will be denied, that a videotaped deposition
14  is not appropriate.  [See IIRIRA § 219 (admissibility of videotape depositions); see also, United
15  States v. King 552 F.2d 833 (9th Cir. 1976) (cert. denied, 430 U.S. 966).]  The defendant may be
16  present at the videotaped deposition and therefore have a full and fair opportunity to cross-examine
17  the witness.  The videotape provides a sufficient indicia of reliability to afford the trier of fact a
18  satisfactory basis for evaluating the truth of a statement.  [Dutton v. Evans, 400 U.S. 74, 89 (1970).]

19  The burden is on the objecting party to show that the use of deposition testimony will deny
20  defendant a fair trial and that live testimony would somehow be significantly different.  [United
21  States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988).]

22  The Material Witness should not be detained indefinitely because his testimony can be
23  adequately secured by deposition.  This is a routine alien smuggling case.  Based on interviews with
24  the Material Witness and the reports submitted by the arresting agency, the facts to which the
25  Material Witness is competent to testify are straight-forward. (See paragraph 6 of the declaration
26  of Attorney Ned Lynch submitted with these points and authorities.)

27  The Material Witness has no criminal charges pending against them relating to this matter,
28

1  and he has already spent a considerable amount of time in custody (5 weeks by the motion hearing).
2  Despite the efforts of the Material Witness and his counsel to locate a potential surety, they are
3  unable to locate anyone who legally resides in the United States who is willing and able to post a
4  court bond for this witness.  It is very important to the Material Witness to be released as soon as
5  possible.  He has a wife and two young children that depend on him for support.  The Material
6  Witness and his family are enduring emotional, mental, and economic hardships from his indefinite
7  incarceration without being charged with a crime. (See paragraphs 3 and 4 of the declaration of
8  Attorney Ned Lynch submitted with these points and authorities.)

9  Moreover, the Material Witness and his counsel have not been informed by either the
10 government or defense attorney of a specific reason why further detention of the witness is necessary
11 *to prevent a failure of justice*.  (See paragraph 5 of the declaration of Attorney Ned Lynch submitted
12 with these points and authorities.)

### Conclusion

14 The Material Witnesses request the court grant their motion to take their videotaped
15 deposition and that he be released from custody immediately thereafter.

17 Dated: February 11, 2008          s/Ned Lynch
                                     Ned Lynch, Attorney for the Material Witnesses

# Exhibit A
# Sample Draft Of The Order

**United States District Court**

**Southern District of California**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. _____ |
| Plaintiff, | ) | **Deposition Order For A Material Witness** |
| v. | ) | |
| _____, | ) | |
| Defendant. | ) | |

Upon motion of material witness _____ [the "Material Witness"], by and through his attorney, Ned Lynch, by the appearance of the parties and their respective counsel, and apparent good cause:

**Order**

1. Unless he is otherwise released from custody of the U.S. Marshal, the Material Witness shall be deposed on _____, at _____ a.m/p.m. The deposition will be held at the U.S. Attorney's Office in San Diego, California. An employee of the U.S.

Attorney's Office shall serve as the videotape operator.

2. All parties shall attend the deposition. A U.S. Marshal or other designated government agent(s) shall bring the Material Witness to the deposition. If the defendant is in custody, he or she shall be brought separately to the deposition. A marshal or other government agent(s) shall remain present during the entire proceeding.

3. The United States Attorney's Office shall arrange for a court-certified interpreter to be present for the Material Witness, if necessary. The cost of the interpreter for the Material Witness will be borne by the United States. See 28 U.S.C. § 1827(c)(2).

4. If a defendant needs an interpreter independent of the Material Witness' interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter shall be paid by the court.

5. The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Fed. R. Civ. P. The cost of the court reporter shall be borne by the U.S. Attorney's Office.

6. The deposition shall be recorded by videotape. Prior to the conclusion of each deposition, the deponent, or a party, may elect to have the deponent review the videotape record of his deposition and to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

7. The videotape operator shall select and supply all equipment required to videotape and audiotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the deponent and assures clear reproduction of each deponent's testimony and the statements of counsel. The deponent, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objection shall be considered by the court in ruling on the admissibility of the video and/or audiotape record. All such objections shall be deemed

1  waived unless made promptly after the objector knows, or has reasonable grounds to know, of the
2  basis of such objection.

3       8.     The deposition shall be recorded in a fair, impartial, objective manner.  The videotape
4  equipment shall be focused on the witness; however, the videotape operator may from time to time
5  focus upon charts, photographs, exhibits or like material being shown to the witness during the
6  deposition.

7       9.     Before examination of the witness, the notary shall state on the video/audio record:
8  (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the
9  witness and the caption of the action; and (d) the identity of the parties and the names of all persons
10 present in the room.  The notary shall then swear the witness on the video record.  Further, at the
11 beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her
12 respective client on the record.  If more than one videotape is used, the notary shall repeat items (a),
13 (b) and (c) at the beginning of each new tape.

14      10.     The videotape operator shall not stop the video recorder after the deposition
15 commences until it concludes, except, however, that any party may request a cessation for a brief
16 recess, which request will be honored unless another party objects and states the basis for said
17 objection on the record.  Each time the tape is stopped or started, the videotape operator shall
18 announce the time on the record.  If the deposition requires the use of more than one tape, the end
19 of each tape and the beginning of the next shall be announced orally on the video record by the
20 operator.

21      11.     Testimonial evidence objected to shall be recorded as if the objection had been
22 overruled and the court shall rule on the objections prior to admitting that portion of the deposition.
23 The party raising the objection(s) shall be responsible for preparing a transcript for the court to
24 consider.  All objections to the evidence presented shall be deemed waived unless made during the
25 deposition.

26      12.     If requested by a party, the deposition testimony, if offered other than for
27 impeachment, may be presented in non-stenographic audio/visual format, in which case no transcript
28

1  need be prepared in advance of trial, unless otherwise ordered by the court.  [See Fed. R. Civ. P.
2  32(c).]

3        13.      Copies of all exhibits utilized during the videotaped deposition shall be marked for
4  identification during the deposition and filed along with the videotape.

5        14.      At the conclusion of the deposition, the government and defense attorneys will advise
6  the material witness attorney if they intend to object to the release of the material witness.  If the
7  parties do not object to the witness' release, the government and defense attorney will immediately
8  stipulate to an order to release the material witness from custody.  The government's attorney will
9  provide the material witness with a subpoena for the trial date, a travel advance fund letter, and
10 written authorization to enter the United States to testify at trial.

11       15.      If either party objects to the release of the material witness, the objecting party must
12 immediately request in writing a hearing on the issue before the district court within a reasonable
13 time after the deposition is concluded.  At the hearing, the objecting party must be prepared to show
14 why the release of the material witness is not appropriate under 18 U.S.C. § 3144.  If, after the
15 hearing, the court decides to release the material witness, the material witness attorney should file
16 the witness release order immediately.  Again, the government's attorney must serve the witness with
17 a trial subpoena, a travel fund advance letter, and written authorization to legally enter the United
18 States to testify at trial before the material witness is released.

19       16.      Upon request by either party, the videotape operator shall provide a copy of the
20 videotape deposition to the requesting party at the requesting party's expense.  After preparing the
21 requested copies, if any, the videotape operator shall turn the original videotape over to the notary
22 along with a certificate signed by the videotape operator attesting that the videotape is an accurate
23 and complete record of the deposition.

24       17.      The notary shall file this original tape, along with the any exhibits offered during the
25 deposition, with the court in a sealed envelope marked with the caption of the case, the name of the
26 witness and the date of the deposition.  To that envelope, the notary shall attach the sworn statement
27 that the videotape is accurate and complete record of the recorded deposition and certification that
28

1  the witness was duly sworn by the officer.

2      18.    To the extent that the procedures set forth herein for the videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be for good cause shown as allowed by F.R.Civ.P. 29.

5      19.    Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the videotape record of the deposition with the court pursuant to Fed.R.Civ.P. 30(f)(3).

**It Is So Ordered.**

Dated:_____

                                  United States Magistrate Judge