NED LYNCH--CA ST. BAR NO. 149680
Attorney At Law
110 West C Street, Suite 1407
San Diego, CA 92101
Telephone: 619-525-0081

Attorney for the Material Witness(es)

# United States District Court

## Southern District of California

(Hon. Ruben B. Brooks)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0266JAH(RBB) |
| Plaintiff, | **Declaration Of Attorney Ned Lynch In Support Of The Material Witness' Motion For Videotape Deposition And His Release From Custody** |
| v. | |
| MARIA TERESA POWELL-SALINAS-SANCHEZ, | Date: February 19, 2008 |
| | Time: 9:00 a.m. |
| Defendant(s). | Judge: Ruben B. Brooks |
| | Room: B |

I, Ned Lynch, declare:

1. I am an attorney licensed to practice law in the State of California and before the United States District Court for the Southern District of California.

2. On January 22, 2008 I was appointed to represent material witness Marco Antonio Gonzalez-Martinez [the "Material Witness"] in this case. As a material witness attorney one of my primary responsibilities is to help arrange for the release of the material witness from custody as soon as possible. The Material Witness is being held in custody by the U.S. Marshal, with an additional detention hold on him by U.S. immigration authorities. To that end, I promptly conducted interviews with the Material Witness to explain why he was being held and under what conditions he could be released. In most alien smuggling cases such as this one the material witness is released by having a personal surety post a court-approved appearance bond of $5,000, and for the surety or family of the witness to also satisfy any other release

1  conditions that are imposed by U.S. immigration authorities.  The same circumstances are true for this case,
2  except the bond amount is $10,000.

3      3.     The Material Witness does not know anyone who legally resides in the United States who
4  is willing and able to post a court bond for him.  The potential leads to find a surety for the witness have
5  been pursued without positive results, despite the efforts to locate a surety made by my client, my interpreter,
6  and myself.  Therefore, the Material Witness is essentially being held in custody without bail, and he will
7  continue to be held indefinitely unless his videotape deposition is taken and he is released from custody.  By
8  the time this motion will be heard the Material Witness will be in custody 5 weeks (since January 15, 2008).

9      4.     The Material Witness informed me his detention is imposing an emotional, mental, and
10 economic hardship on him and his family.  He has not been charged with any crime.  He has a wife and two
11 young children, 2 years and 7 months, that rely on him for support.  Thus, the lengthy and indefinite nature
12 of the Material Witness' detention is causing him and his families a lot of stress, anxiety, worry, and
13 economic hardship.

14     5.     I am not aware of any reason in this case why the testimony of the Material Witness cannot
15 be secured adequately by a videotaped deposition, nor am I aware of any reason why he should not be
16 released once the deposition is concluded.

17     6.     The Material Witness is willing to testify about the facts he knows relating to this case.
18 However, there are only a few facts relevant to this case which the witness is competent to testify about--facts
19 that are material and not cumulative to the proposed testimony of the other material witnesses in this case.
20 Specifically, the witness can testify about: (a) his citizenship, (b) who might have transported the witness,
21 and (c) whether the witness agreed to pay anyone.

22     I declare under penalty of perjury under the laws of the United States the above is true and correct
23 to the best of my knowledge.

24

25 Dated: February 11, 2008            s/Ned Lynch
                                      Ned Lynch, Attorney for the Material Witnesses
26                                    E-mail: nedlynch@aol.com

27

28