```
 1  Jan Joseph Bejar, Esq.
    Law Offices of
 2  JAN JOSEPH BEJAR,
    A Professional Law Corporation
 3  California Bar No. 110192
    2727 Camino del Rio South, Suite 110
 4  San Diego, California  92108
    Telephone:  (619) 291-1112
 5
 6  Attorney for Mrs. Powell-Salinas-Sanchez
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>**MARIA TERESA POWELL** )<br>**SALINAS-SANCHEZ,** )<br>)<br>)<br>)<br>    Defendant. )<br>_____ ) | Criminal No. 08-CR-266-JAH<br>Date: March 3, 2008<br>Time: 8:30 a.m.<br><br>**NOTICE OF MOTIONS AND MOTIONS TO:**<br><br>1)   **COMPEL DISCOVERY**<br>2)   **SUPPRESS STATEMENTS AND**<br>3)   **FOR LEAVE TO FILE**<br>      **FURTHER MOTIONS** |

TO:   KAREN HEWITT, UNITED STATES ATTORNEY,
      CHRISTINA McCALL, ASSISTANT UNITED STATES ATTORNEY

**PLEASE TAKE NOTICE** that on Monday, March 3, 2008 at 9:00 a.m., or as soon thereafter as counsel may be heard, the defendant, Maria Teresa Powell Salinas-Sanchez, by and through her counsel, Jan Joseph Bejar, will move this Court to hear these motions.

## MOTIONS

The defendant, Maria Teresa Powell Salinas-Sanchez, by and through her attorney, Jan Joseph Bejar, moves this Court pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rules 12 and 16 of the Federal Rules of Criminal Procedure, and all applicable statutes and local rules to:

- 1 -

1)  compel discovery;

2)  suppress statements and;

3)  for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other information that may come to this Court's attention prior to or during the hearing of these motions.

Date: February 14, 2008     Respectfully submitted,

/s/

**JAN JOSEPH BEJAR,**
Attorney for Mrs. Maria Teresa Powell Salinas-Sanchez

- 2 -

Jan Joseph Bejar, Esq.
Law Offices of
JAN JOSEPH BEJAR,
A Professional Law Corporation
California Bar No. 110192
2727 Camino del Rio South, Suite 110
San Diego, California 92108
Telephone: (619) 291-1112

Attorney for Mrs. Maria Teresa Powell Salinas-Sanchez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.08cr266-JAH |
| Plaintiff, | ) | |
| v. | ) | **STATEMENT OF FACTS AND** |
| MARIA TERESA POWELL SALINAS-SANCHEZ, | ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| Defendant. | ) | **DEFENDANT'S MOTIONS** |

**I.**

**STATEMENT OF FACTS**

This statement of facts is based upon information provided by the government up to this time. This statement of facts is therefore subject to amplification and/or contradiction at the hearing of these motions. Mrs. Maria Teresa Powell Salinas-Sanchez in no way admits to the truth of the facts or their accuracy as they are alleged in these reports.

The defendant in this case was arrested on or about January 15, 2008 on suspicion of alien smuggling and charged with aiding the bringing in of an illegal alien for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C § 2, and charged with bringing in illegal alien without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). On January 15, 2008, Mrs. Powell was detained at the Otay Mesa Port of Entry after officers discovered traveling in

- 1 -

1  the trunk of her car was an adult man, Marco Antonio Gonzalez-Martinez whom the government
2  charges as undocumented. Counsel has received limited discovery from the government.
3
4                                   **II.**
5                   **MOTION TO COMPEL FURTHER DISCOVERY**
6      Mrs. Powell Salinas-Sanchez moves for the production by the government of the
7  following discovery. This request is not limited to those items that the prosecutor knows of, but
8  rather includes all discovery listed below that is in the custody, control, care, or knowledge of
9  any "closely related investigative [or other] agencies" under *United States v. Bryan*, 868 F.2d
10 1032 (9th Cir. 1989).
11
12
13 **A.    Mrs. Powell Salinas-Sanchez is Entitled to Discovery of his Statements.**
14      Pursuant to Rule 16(a)(1)(A), *Brady v. Maryland*, 373 U.S. 83 (1963), and the Fifth and
15 Sixth Amendments to the United States Constitution, Mrs. Powell Salinas-Sanchez requests
16 disclosure of any statements, whether oral, written, or recorded made by her which are in the
17 possession, custody, or control of the government, or which by the exercise of due diligence may
18 become known to the government, regardless of to whom made. This includes copies of any
19 written or recorded statements she made; the substance of any statements made by Mrs. Powell
20 Salinas-Sanchez which the government intends to offer in evidence at trial. Mrs. Powell Salinas-
21 Sanchez also specifically requests that all arrest reports which relate to the circumstances
22 surrounding her arrest or any questioning, if such reports have not already been produced in their
23 entirety, be turned over to her. This request includes, but is not limited to, any rough notes,
24 records, recordings (audio or visual), reports, transcripts or other documents in which statements
25 of Mrs. Powell Salinas-Sanchez are contained. It also includes the substance of any oral
26 statements which the government intends to introduce at trial, and any written summaries of the
27
28                                  - 2 -

defendant's oral statements contained in the handwritten notes of the government agent.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  *See also United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967); *Loux v. United States*, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968).  Mrs. Powell Salinas-Sanchez also requests any response to any *Miranda* warnings which may have been given to her, on the date of her arrest.  *See United States v. McElroy,* 697 F.2d 459 (2d Cir. 1982).  **B.  Prior Convictions or Prior Similar Acts.**

Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the government shall furnish to the defendant such copy of her prior criminal record, if any, as is within the possession, custody, or control of the government . . . ."  Mrs. Powell Salinas-Sanchez therefore, requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

Mrs. Powell Salinas-Sanchez also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b).  Mrs. Powell Salinas-Sanchez must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. *See United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980).

Mrs. Powell Salinas-Sanchez requests a pre-trial conference to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

//

**C.    Mrs. Powell Salinas-Sanchez is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial.**

- 3 -

1    Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in it case during trial.

(1)    Specifically, Mrs. Powell Salinas-Sanchez requests the opportunity to inspect and photograph all evidence seized from Mrs. Powell Salinas-Sanchez's clothing, all fingerprint analysis done on any of the evidence in this case, all identification procedures utilized by the government agents, as well as any vehicles which may be involved;

(2)    Mrs. Powell Salinas-Sanchez requests all evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C); and any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial;

(3)    Mrs. Powell Salinas-Sanchez requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mrs. Powell Salinas-Sanchez. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i). Mrs. Powell Salinas-Sanchez specifically requests that all dispatch tapes or any other audio or visual tape recordings which exist and which relate in any way to her case and or her arrest be preserved and provided in their entirety; and

(4)    Mrs. Powell Salinas-Sanchez requests all other documents and tangible objects, including clothing, notes, books, papers, documents, photographs, and copies of any such items which were obtained from or belong to Mrs. Powell Salinas-Sanchez or which were discovered.

//

**D.    Mrs. Powell Salinas-Sanchez is Entitled To All Evidence Tending To Affect The Credibility of The Prosecution's Case.**

Pursuant to *Brady v. Maryland*, 373 U.S. 383 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972), Mrs. Powell Salinas-Sanchez requests

- 4 -

1  the Court to order the government to immediately disclose all evidence in its possession
2  favorable to Mrs. Powell Salinas-Sanchez on the issue of guilt and which tends to affect the
3  credibility of the prosecution's case. This request specifically includes any impeaching evidence
4  such as the prior records, of any material witnesses in this case. This request also includes any
5  expressed or implied promises made by the government to any material witnesses in exchange
6  for their testimony in this case. *See, e.g., United States v. Bagley,* 105 S. Ct. 3375 (1985); *Napue
7  v. Illinois*, 360 U.S. 264 (1959); *United States v. Gerard*, 491 F.2d 1300 (9th Cir. 1974).
8      The defense requests any and all evidence including but not limited to:
9      (1) any evidence that any prospective government witness is biased or prejudiced against
10 the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*,
11 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S.
12 1032 (1988); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1993) (Ninth Circuit
13 Court reversed Judge Gilliam for failure to turn over the "Levine Memorandum" which
14 contained information critical about a government witness);
15     (2) any evidence that any prospective government witness has engaged in any criminal
16 act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and
17 *Brady*; any evidence that any prospective witness is under investigation by federal, state or local
18 authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.) cert. denied,
19 474 U.S. 945 (1985);
20     (3) any evidence, including any medical or psychiatric report or evaluation, tending to
21 show that any prospective witness's ability to perceive, remember, communicate, or tell the truth
22 is impaired; and any evidence that a witness has ever used narcotics or other controlled
23 substance, or has ever been an alcoholic. *United States v. Strifler,* 851 F.2d 1197 (9th Cir.
24 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);
25     (4)  the name and last known address of each prospective government witness. *See
26 United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576
27
28                                          - 5 -

1  (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

(5) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. *United States v. Cadet*, 727 F.2d, 1453 (9th Cir. 1984);

(6) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

**E.    Mrs. Powell Salinas-Sanchez is Entitled to Any Information That May Result in a Lower Sentence Under The Guidelines.**

This information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

- 6 -

**F.    The Defense Requests the Preservation of All Evidence.**

The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples (including but not limited to blood, urine, or narcotics) used to run any scientific tests, any narcotics, and any evidence seized from any third party.

It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

**G.    The Defense Requests All Jencks Material.**

The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings, such as dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview, the notes are then subject to the Jencks Act;

**H.    Mrs. Powell Salinas-Sanchez Requests All Other Information Relevant to Her Defense.**

//
//
//

**III.**

- 7 -

| | |
|---|---|
| 1 | **MRS. POWELL SALINAS-SANCHEZ IS ENTITLED TO AN EVIDENTIARY** |
| 2 | **HEARING TO DETERMINE WHETHER HER STATEMENTS, IF ANY, WERE** |
| 3 | **VOLUNTARILY MADE AND ELICITED IN COMPLIANCE WITH MIRANDA** |

4    The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id. See Orozco v. Texas*, 394 U.S. 324, 327 (1969).

11    When interrogation takes place without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived her privilege against self-incrimination and her right to retained or appointed counsel. *Miranda* 384 U.S. at 475. A waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily in order to be effective. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). The standard of proof for a waiver of this constitutional right is high. *Miranda*, 384 U.S. at 475. *See, United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

20    The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background experience, and conduct of the accused. *Edwards v. Arizona*, 451 U.S. 477, 472 (1981).

23    The government in the present case has the burden of proving that Mrs. Powell Salinas-Sanchez was read her *Miranda* rights and intelligently and voluntarily waived those rights in all situations in which Mrs. Powell Salinas-Sanchez reasonably believed that she was not free to leave. *See United States v.Estrada-Lucas*, 651 F.2d 1261, 1265 (9th Cir. 1980).

- 8 -

1   Even when the procedural safeguards of *Miranda* have been satisfied, a defendant in a
2   criminal case is deprived of due process of law if his conviction is founded, in whole or in part,
3   upon an involuntary confession. *Jackson v. Denno*, 378 U.S. 368, 387 (1964). The government
4   bears the burden of proving that a confession is voluntary by a preponderance of the evidence.
5   *Lego v. Twomey*, 404 U.S. 477, 483 (1972); *see also* 18 U.S.C. § 3501(a).

6   A statement must be the product of a rational intellect and free will to be voluntary.
7   *Blackburn v. Alabama*, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was
8   overborne, the totality of the circumstances must be considered. *Schneckloth v. Bustamonte*, 412
9   U.S. 218, 226 (1973). A confession is deemed involuntary whether coerced by physical
10  intimidation of psychological pressure. *Townsend v. Sain*, 372 U.S. 293, 307 (1962). It must not
11  be extracted by any sort of threats of violence, nor obtained by any direct or implied promises,
12  however slight, nor by the exertion of any improper influence. *United States v. Tingle*, 658 F.2d
13  1332, 1335 (9th Cir. 1981). A hearing is therefore required to determine whether the statements
14  made by Mrs. Powell Salinas-Sanchez were voluntary.

15  Here, Mrs. Powell Salinas-Sanchez may have made incriminatory statements prior to
16  being Mirandized. Because she was not free to leave after being detained and was responding to
17  agents' questions, Mrs. Powell Salinas-Sanchez's statements must be suppressed.

18

19                                   **IV.**
20  **MRS. POWELL SALINAS-SANCHEZ REQUESTS LEAVE TO FILE FURTHER MOTIONS**

21
22  At the time of preparation of these motions, Mrs. Powell Salinas-Sanchez had received
23  limited discovery from the government. The defense believes that additional motions will be
24  required and requests the opportunity to file further motions based on information gained during
25  the discovery and investigative process.
    //
26
                                     **V.**
27
28                                   - 9 -

1 **CONCLUSION**

2     For the foregoing reasons, it is respectfully requested that this Court grant the motions

3 stated herein.

Respectfully submitted,

4

/s/

5

6 Dated: February 14, 2008     **JAN JOSEPH BEJAR**
Attorney for Mrs. Powell Salinas-Sanchez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 - 10 -